**Agnes HENRY d/b/a Center Beauty Shop**

v.

**UNITED STATES of America.**

**Civ. No. 3–77–421.**

United States District Court, E. D. Tennessee, N. D.

April 27, 1978.

Glen R. Claiborne, Knoxville, Tenn., for plaintiff.

Joe Vaulx Crockett, III, Tax Division, Dept. of Justice, Washington, D.C., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

19. Our holding herein necessarily renders ineffective our previous grant of a *Vaughn* motion, *supra* at p. 249.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

This suit was filed by Agnes Henry d/b/a Center Beauty Shop, both in Jefferson County and Hawkins County, Tennessee, for a refund in the amount of employment taxes she has paid the Government. The assessments were made by the Government against the plaintiff for the years 1973 and 1974. Plaintiff paid taxes for the first quarter in 1973 and now sues for a refund of those taxes. This procedure is proper under applicable tax laws.

The Government has asked to amend its complaint so as to sue for the taxes accruing in the remaining quarters. The amendment is allowed.

The amount which has been paid and which represents the quarter ending March 31, 1973, is $1,087.90. This sum was paid by plaintiff on April 12, 1977 and a claim for refund under Form 843 was filed with the Internal Revenue Service on June 1, 1977. The claim was denied on November 4, 1977.

It is the taxpayer's theory that this tax was illegally and erroneously collected since the business of the taxpayer is that of a lessor of space to beauticians. In sum, the taxpayer claims that these beauticians, some of whom have testified during this trial, were independent contractors and not employees of the plaintiff.

It is the theory of the Government that the beauticians were employees of the plaintiff and not independent contractors. The issue, therefore, is whether the beauticians were employees of the plaintiff or independent contractors during the period of time covered by this lawsuit.

The rules of law governing employees and independent contractors are plain and understandable. The respective arguments of counsel prove that the application of the law to the facts in this case is not easy.

■ In the opinion of the Court, and the Court so finds, the plaintiff has carried her burden of proof by showing that these beauticians were independent contractors as distinguished from employees.

■ The Courts have often referred to the following as relevant factors in dealing with employees and independent contractors:

(1) Whether or not the one employed is engaged in a distinct occupation or business;

(2) The kind of occupation with reference to whether in the locality the work is usually done under the direction of an employer or by a specialist without supervision;

(3) The skill required in the particular occupation;

(4) Whether the employer or the workman supplies the instruments, tools and place of work of the person doing the work;

(5) The length of time for which the person is employed;

(6) Method of payment, whether by time or by the job;

(7) Whether or not the work is part of the regular business of the employer;

(8) Whether or not the parties believe they are creating the relationship of master and servant;

(9) Whether the principal is or is not in business.

See *Lanigan Storage & Van Co. v. United States*, 389 F.2d 337, 342 (6th Cir. 1968); *Saiki v. United States*, 306 F.2d 642 (8th Cir. 1962).

Another important factor in determining whether the individual involved is an employee is whether the purported employer had the right to hire and fire.

Revenue Ruling 73–591 deals with beauticians and beauty shops. According to Treasury regulations a significant factor in determining whether an individual is an employee or an independent contractor is whether the taxpayer has the right to control said individual not only as to the results to be accomplished but also as to the details, common means and methods by which the result is to be accomplished.

The Internal Revenue Service has also issued Ruling No. 73–592 as an aid in determining when a beautician in a beauty par-

lor is self-employed. Part of this ruling reads as follows:

"While furnishing a place to work and supplies are factors to be considered in determining an employer-employee relationship, the existence of those factors alone are not sufficient to establish a relationship for federal employer tax purposes. In the instant case the beauty salon does not exercise or have the right to exercise over the beautician the degree of direction and control necessary to establish the employer-employee relationship. Accordingly, it is held that the beautician is not an employee of the beauty salon for purposes of Federal Insurance Contributions Act, Federal Unemployment Tax Act, or the collection of income tax at source on wages."

The Court has listened carefully to the testimony of the witnesses during this trial. That testimony shows the following. The plaintiff received rent from the various beauticians on the basis of 40% of the amount taken in by the beauticians for their work. There was no receptionist in the beauty parlor. There were six operators in the Jefferson County operation and two operators in the Hawkins County operation. Plaintiff owned the chairs or booths in the operation and owned and furnished the dryers in the operation, the beautician owning and using the small tools. The beautician in the operation who is not busy usually answers the phone. Plaintiff furnishes the supplies used by the beauticians. Plaintiff comes to Knoxville on an average of once a week and obtains the supplies. Each beautician has her own station.

Plaintiff expects a profit in the operation and if the beautician does not work a sufficient amount of time to turn in a reasonable rental, upon 30 days' notice, the plaintiff has the right to terminate the relationship. Plaintiff furnishes the electricity and gas for the operation. Plaintiff's investment in the Jefferson County operation is $17,000 and in the Hawkins County operation it was $6,500. Plaintiff pays rent on each operation at the rate of $150 per month. Plaintiff and her husband clean the shops periodically but the beauticians clean their own stations.

The Court adopts the following findings and conclusions of law which have not been heretofore covered.

The beautician made her own appointments, collected her own fees, was responsible for the kind of work performed and responsible for keeping her own records.

The lease could be collected at any time by either party by giving advance notice of 30 days.

The individual beauticians are free to set their own hours and come and go as they please, to work at night or weekend if they please. They set their own vacation schedule.

Beauticians were required to pass a State examination and to obtain the special cosmetologist license requiring special training and knowledge. The beauticians pay for their own licenses which must be renewed on a yearly basis.

It is not clear how the advertisements are made. The testimony of Mrs. Henry gave the impression that the advertisements were made in the name of her business and paid for by her; however, one or more of the beauticians stated that they paid for their own advertisements. This point is not determinative of the rights of the parties in this lawsuit. All of the beauticians meet together and fix the prices to be charged customers. If a bad check is accepted from a customer in Rogersville, the beautician pays or assumes liability for the check, but the beauticians in Jefferson County share the losses of bad checks with the plaintiff. Under the written contract presently in effect, which has been read to the Court during this trial, the beauticians are described as independent contractors. Of course, that alone does not make them independent contractors.

Plaintiff has no right to interfere or control either the manner in which the beauticians perform their work or the results that they accomplish. The only control that the plaintiff has is that minimum rent of $50 per week be produced by each beautician in order for the beautician's lease to continue.

For the reasons indicated, it is ORDERED that the plaintiff have and recover of the defendant the refund on the taxes erroneously collected by the defendant. It is further ORDERED that the Government's counterclaim be, and the same hereby is, denied.

Order Accordingly.